*87 The case was this. A Christian white woman between the years 1723 and 1765, had a daughter, Betty Bugg, by a negro man. This daughter was by deed indented, bound by the churchwardens to serve till thirty-one. Before the expiration, of her servitude, she was delivered of the defendant Bugg, who mever was bound by the churchwardens, and was sold by his master to the plaintiff. Being now twenty-six years of age, and having cause of complaint against the plaintiff, as being illy provided with clothes and diet, he brought an action in the court below to recover his liberty, founding his claim on three points. 1st. That himself having never been bound by the churchwardens, the master of his mother had no right to his service. 2nd. That if he had, yet he had forfeited it by selling him to the plaintiff. 3rd. That if both these points were against him, yet the plaintiff had forfeited his right by his failure to provide him with necessaries. The fact of ill treament was, I suppose, proved in the court below, for this as well as the defendant not having been bound, was set forth in the record as the grounds of the judgment; from this judgment Gwinn appealed, and it now came on to be argued before the General court.
Mason, for the defendant,
relied principally on the second point; that the former master of the defendant could not transfer him; and so the plaintiff had no right. He insisted there was a trust in the master coupled with his interest, that, though he was entitled to service, he was also bound to maintain comfortably. That where ever there was a trust it could not be transferred, and instanced the case of an apprentice, and one of the court remembered a case of- — -*-— where this very point was so adjudged. Yet judgment reversed, and qusre, if the great clearness of the first and third points, which alone were assigned in the record as the grounds of the judgment, might not prevent die court from attending minutely to the second,, which seems to be in favor of the pauper.